IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JIMMIE MECCYA WILLIAMS,**

    **Petitioner,**

v.                                  Case No. 2:04-cv-01236

**WILLIAM S. HAINES, Warden,**
**Huttonsville Correctional Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 2), Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies (# 11), Petitioner's Motion to Hold Petition in Abeyance (# 19), and Respondent's Motion in Opposition to Petitioner's Motion to Hold in Abeyance (# 15).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September of 2000, Petitioner was indicted by a Kanawha County Grand Jury on two counts of third degree sexual assault (Case No. 00-F-344). (# 11, Ex. 1). On April 2, 2002, following a two-day jury trial, Petitioner was convicted of both counts of third degree sexual assault, as stated in the indictment.

On August 30, 2002, Petitioner was sentenced to two consecutive terms of imprisonment of one to five years, the first of which was also to run consecutive to a one to ten year sentence imposed for Petitioner's conviction on a charge of abduction in the

Circuit Court of Nicholas County, West Virginia in December of 1999 (Case No. 99-F-39). An Order to this effect was entered on October 10, 2002. (Id., Ex. 2). The Nicholas County abduction charge concerned the same victim as that involved in the Kanawha County sexual assault charges, and all the charges arose out of a trip the victim took with Petitioner from Nicholas County to Kanawha County over the course of about ten days.

On March 27, 2003, Petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"). (Id., Ex. 3). The SCAWV accepted the Petition for Appeal and, on November 18, 2003, Petitioner submitted an appellate brief assigning the following errors:

1. The trial of the defendant for third degree sexual assault in Kanawha County violated the Double Jeopardy Clause of both the West Virginia and the Federal Constitutions as the defendant had already been convicted of the elements of sexual assault during his trial in Nicholas County for abduction because the prosecution argued that the jury must have believed that the victim was sexually assaulted in order to convict and the jury was instructed that in order to find the defendant guilty of abduction, they had to believe that the defendant committed sexual assault and the elements of sexual assault were presented in the jury charge.

2. Introduction of wiretapping evidence violated both the defendant's West Virginia and Federal Constitutional provisions against unreasonable search and seizure as no warrant was obtained for such interceptions and law enforcement lacked proper consent to intercept as a stepparent has no legal right to consent on behalf of their spouse's child.

      3.    The lower Court's refusal to grant the defendant credit for time served with regards to the sentences for sexual assault violated the [] Double Jeopardy and Equal [P]rotection Clauses of both the West Virginia and Federal Constitutions, as sexual assault was a bailable offense and bail had been set for the defendant[,] notwithstanding that the defendant was incarcerated[] for a conviction of abduction in Nicholas County.

(Id., Ex. 4).

The State filed its appellate brief on December 17, 2003. (# 4, App. A). Then, on February 10, 2004, Petitioner, acting pro se, submitted an "Appellant's Addendum." (Id., App. B). Petitioner was informed by the Clerk of the SCAWV in a letter dated February 10, 2004, that pleadings would only be accepted via counsel. Thus, the SCAWV did not consider the matters raised in Petitioner's "Addendum." (Id., App. C).

After hearing oral argument on the matters raised in the briefs filed by counsel for both parties, the SCAWV unanimously affirmed Petitioner's convictions on May 13, 2004. (See State v. Williams, 599 S.E.2d 624 (W. Va. 2004). (# 11, Ex. 5). The SCAWV entered its final order affirming Petitioner's convictions on June 14, 2004. (Id., Ex. 6).

On July 20, 2004, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court (Case No. 04-5510). (Id., Ex. 7). The petition was denied on October 4, 2004. (Id., Ex. 8). Thus, Petitioner's judgment became final on October 4, 2004. See Wilson v. Greene, 155 F.3d 396, 400 (4th Cir. 1998).

Prior to filing the instant Federal petition, Petitioner did not seek any habeas corpus relief in the State courts. On November 18, 2004, Petitioner filed his Federal petition raising the following grounds for relief:

A. Petitioner was initially investigated for the offense of abduction and Third (3rd) degree sexual assault, by the West Virginia State police, 3/23/99.

B. Kanawha County Circuit Court gave same jury instructions that were given twenty eight (28) months earlier in another county. Violating Petitioner['s] Fifth Amendment Right under U.S. Constitution.

C. The West Virginia Supreme Court of [A]ppeals overlooked and misapprehended application of applying legislative "Acts" which insured Petitioner's [protection].

D. Petitioner's crime of two counts of third degree sexual assault stems from one criminal transactional [sic]. The State in prosecuting the Petitioner used the evidence twice at both trials.

(# 2 at 5-6). The Petition further states as follows:

13. The Petitioner tried diligently to persuade the Appellant counsel to argue facts that makes the phone conversation between the Petitioner and the victim inadmissible at trial[,] but the court allowed the evidence in over the objection of Petitioner.

(Id. at 6).

On November 18, 2004, Petitioner also filed a separate document entitled "Petition for Writ of Habeas Corpus and Memorandum of Law" (hereinafter "Memorandum of Law"). Petitioner's Memorandum of Law raised the following additional claim:

4

> IV. Petitioner was denied effective assistance of counsel in the case of *State of West Virginia v. Jimmie Meccya Williams, supra*, where appellate counsel refused to present the issues of double jeopardy that would have been conducive towards protecting Petition[er] of having to "*run the gauntlet twice*" * * *
>
> The Petitioner had a right to amend [his] petition, whether his appellant counsel approves of it or not. Being that the Petitioner['s] [APPELLANT'S ADDENDUM] was [cavalierly] dismissed, this Court should rehear all the contentions that [are] violative of his fundamental constitutional right.

(# 4 at 6).

On December 13, 2004, Respondent filed a "Motion to Dismiss for Failure to Exhaust State Remedies and Memorandum in Support Thereof." (# 11). The motion states that none of the claims, as they are presented in Petitioner's Federal petition, have been presented to the Kanawha County Circuit Court or the SCAWV for adjudication on the merits. (# 11 at 6-7). The motion specifically states that "[w]hile at least one of Petitioner's contentions appears to be a Double Jeopardy argument, he has not previously attacked his Kanawha County conviction based on the same factual predicate or in the same manner herein presented." (Id. at 8).

Respondent notes that Petitioner has claimed that "*[c]ircumstances exist that render [state court remedies] ineffective to protect the rights of applicant*" (citing to # 4 at 22)(emphasis in original). (# 11 at 9). Respondent further notes that "Petitioner twice references *unnamed* claims he *intends* to

5

present at sometime in the *future*. Petitioner does not mention *any* specifics. These *future*, *unnamed* 'grounds' simply do not satisfy the pleading requirements of federal habeas." (Id.)(citing Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977). For these reasons, Respondent asserts that Petitioner's Federal petition must be dismissed without prejudice.

On January 6, 2005, Petitioner filed a Response to Respondent's Motion to Dismiss, asserting that Respondent has not shown that Petitioner's claims are unexhausted. (# 13). In support of this assertion, Petitioner claims that he exhausted the substance of the claims presented in his Federal petition through his post-trial motions in Kanawha County Circuit Court. (Id. at 2-5). Petitioner further asserts that "presenting these very issues before the same court is 'futile.'" (Id. at 5). Petitioner's Response further states in pertinent part:

> Lastly, in the Respondent claiming that Petitioner has not presented the same factual grounds to the Kanawha County Court are false. Petitioner's exhibits clearly shows [sic] that both the state court, and the State Supreme Court were given the opportunity to correct errors that Petitioner raised in federal habeas.
>
> * * *
>
> Respondent claims that "dismissal without prejudice" poses no problems for the Petitioner. However, any dismissal at this stage create[s] a serious problem for the Petitioner, because the Petitioner['s] initial sentence is complete as of 6th of March, 2005, therefore causing the Petitioner to endure further incarceration due to a conviction gained by violation [of] Petitioner's constitutional rights. The Petitioner, again, diligently tried to have the courts of the state hear and adjudicate

> issues raised in federal habeas, but to no avail had neither of those courts suffice a remedy.
>
> * * *
>
> The issues contained in the federal habeas which Respondent asserts as unnamed claims are withdrawn. However, after State Supreme Court REFUSES Petitioner's claim for a direct appeal, the Petitioner will then file a federal habeas upon those issues.

(Id. at 6-7).

On February 8, 2005, Respondent filed a Reply brief, which reiterates the argument that Petitioner has not exhausted any of the claims in his Federal petition. (# 14). Specifically, Respondent states that "the three issues presented and decided in Petitioner's direct (and only) appeal to the [SCAWV] in State v. Williams, 599 S.E.2d 624 (W. Va. 2004), were not the same as those raised in the present federal habeas petition." (Id. at 1). Respondent further asserts that post-trial motions do not satisfy the exhaustion requirements, and that the claims contained in Petitioner's pro se "Addendum" presented to the SCAWV were refused by the court on procedural grounds and, thus, were not "properly presented." (Id. at 1-2). The Reply further contends that "Petitioner's 'futility' argument is also without merit. Obviously, Petitioner has not met with the kind of impediments he implies, else his petition for appeal to the [SCAWV] never would have been granted." (Id. at 3).

On February 25, 2005, the undersigned received Petitioner's motion to hold this matter in abeyance until Petitioner has fully

7

exhausted all necessary remedies. Petitioner did not file this motion in the Clerk's Office. Accordingly, on April 4, 2005, the undersigned entered an order (# 17) directing the Clerk to file the Motion to Hold Petition in Abeyance <u>nunc</u> <u>pro</u> <u>tunc</u> as of February 25, 2005. The Motion to Hold Petition in Abeyance now appears on the docket sheet as document # 19.

On March 3, 2005, the undersigned received a package from Petitioner containing a Petition for a Writ of Habeas Corpus styled in the Circuit Court of Kanawha County. This document has not been filed in this court's Clerk's Office.

In light of the receipt of this document, the undersigned's staff reviewed the docket of the Kanawha County Circuit Court and determined that, on March 7, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County (Case No. 05-MISC-96). That matter is pending before the Honorable Louis H. Bloom, Kanawha County Circuit Judge. The claims raised in the Kanawha County petition are:

CONSTITUTIONAL QUESTION PRESENTED FOR REVIEW

>Whether multiple prosecutions, in two separate State courts, for several crimes arising out of the same criminal transaction violates Petitioner's right not to be placed in jeopardy twice for the same offense in contravention of the Fifth Amendment to the United States Constitution.

(<u>Id.</u> at 2).

GROUND 1

THE TRIAL OF THE PETITIONER FOR THIRD DEGREE SEXUAL ASSAULT IN KANAWHA COUNTY VIOLATED THE DOUBLE JEOPARDY CLAUSE OF BOTH THE WEST VIRGINIA AND THE FEDERAL CONSTITUTIONS AS THE PETITIONER HAS ALREADY BEEN CONVICTED OF THE ELEMENTS OF SEXUAL ASSAULT DURING HIS TRIAL IN NICHOLAS COUNTY FOR ABDUCTION BECAUSE THE PROSECUTION ARGUED THAT THE JURY MUST HAVE BELIEVED THAT THE VICTIM WAS SEXUALLY ASSAULTED IN ORDER TO CONVICT AND THE JURY WAS INSTRUCTED THAT IN ORDER TO FIND THE PETITIONER GUILTY OF ABDUCTION, THEY HAD TO PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT.[1]

GROUND 2

THE PETITIONER'S TRIAL FOR THIRD DEGREE SEXUAL ASSAULT VIOLATED THE PRINCIPLES OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE ARTICLE III, § 10, OF THE WEST VIRGINIA CONSTITUTION WHERE PETITIONER WAS CONVICTED TWICE IN TWO SEPARATE TRIBUNALS FOR ONE CRIMINAL TRANSACTION FOR THREE IDENTIFIABLE CRIMES IN ONE SEQUENCE TO ACHIEVE ONE OBJECTIVE VIOLATES THE DUE PROCESS CLAUSE OF BOTH STATE AND FEDERAL CONSTITUTIONS.

(Id. at 9, 12). To the extent that Petitioner has attempted to raise any claims of ineffective assistance of counsel in his Federal petition (see # 4 at 6), the undersigned notes that this Kanawha County petition does not raise such claims. Thus, any claims of ineffective assistance of counsel will remain unexhausted, unless addressed by the State habeas courts.

On March 8, 2005, Respondent filed a "Motion in Opposition to Petitioner's Motion to Hold in Abeyance." (# 15). This motion addresses case law pertaining to the procedures for handling unexhausted petitions. In pertinent part, the motion states:

---

[1] The undersigned notes that the Kanawha County petition does not list those elements in the heading.

> The United States Supreme Court has not yet directly addressed the propriety of the stay-and-abeyance procedure, but is scheduled to do so during the 2004 term. *Rhines v. Weber*, 346 F.3d 799 (8th Cir. 2003), *cert. granted*, 124 S. Ct. 2905 (June 28, 2004)(No. 03-9046). West Virginia joined California and 26 other *amici curiae* states in opposing this procedure. The case was argued on January 12, 2005, and is pending decision.[2]
>
> In all but one of the cited cases which authorized holding the federal proceedings in abeyance, the federal petition has been timely filed and at least *one* of the petitioner's claims had been exhausted in the state courts. The rationale behind most of these decisions was a concern that dismissal of such a petition, rather than abatement of the proceedings pending exhaustion, would result in the petitioner being forever barred from obtaining federal collateral review of the claims due to expiration of the statute of limitations.
>
> However, in the present case *none* of the claims presented in Petitioner's petition are exhausted. None of the factors considered by the courts as justifying abatement rather than dismissal are presented here, and there is no basis for staying the present proceedings. Accordingly, the Petitioner's motion to hold his federal petition in abeyance pending exhaustion of state remedies should be denied.

(Id. at 5). These matters are now ripe for determination.

## **ANALYSIS**

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a Federal district court by a prisoner in State custody shall not be granted, unless it appears that the applicant has exhausted the remedies available in the State courts, or if the State has waived

---

[2] The undersigned notes that the Supreme Court rendered a decision in Rhines on March 30, 2005. The details of the ruling will be discussed further infra.

the exhaustion requirement. 28 U.S.C. §§ 2254(b)(1)(A), (b)(3).

In West Virginia, prisoners may exhaust their available State court remedies either by stating cognizable Federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986). A petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Additionally, as noted in Respondent's Reply, Petitioner must show that the claims he raised in State proceedings are the same as the claims he now seeks to raise in his Federal habeas proceeding. See Pitchess v. Davis, 421 U.S. 482, 487 (1975); Picard v. Connor, 404 U.S. 270, 275-76 (1971). The claims in both courts must "fairly present" the "substance" of the claim, based upon the same factual grounds, and must allege that the same Federal constitutional right was violated. Anderson v. Harless, 459 U.S. 4, 6 (1982).

11

Based upon a review of Petitioner's appellate brief from his direct appeal and the documents he has filed in support of his Federal petition, the undersigned proposes that the presiding District Court **FIND** that Petitioner has not properly exhausted any of the claims contained in his Federal petition.  Petitioner has not raised claims identical to, or based upon identical factual grounds as, those asserted in his direct appeal.  Moreover, Petitioner has not fairly presented the substance of the claims raised in his Federal petition in the State courts.

In <u>Rhines v. Weber</u>, No. 03-9046 (March 30, 2005), the United States Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the State courts, and then to return to Federal court for review of his perfected petition.  The Court further held, however, that "stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state court."  (<u>Id.</u> at 7).

Petitioner has asked this court to hold his Federal petition in abeyance, pending exhaustion of his State court remedies.  Before addressing the propriety of a stay-and-abeyance, however, the undersigned will address the statute of limitations issue in this matter.

On April 24, 1996, a one-year limitation for filing of Federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Specifically, the AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A). However, Section 2244(d)(2) further provides as follows:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thus, a Federal habeas corpus petition must be filed within one year of the underlying State court judgment becoming final, unless the prisoner has a pending petition for post-conviction relief in State court. <u>Harris v. Hutchinson</u>, 209 F.3d at 327. If a properly filed State habeas corpus petition is pending, the one-year limitation is tolled until final disposition of the State proceedings. <u>Id.</u>

Petitioner was convicted after the AEDPA was enacted; thus, his petition is subject to the one-year limitation. Petitioner's

13

judgment became final on October 4, 2004, the day the Supreme Court denied his petition for a writ of certiorari. Thus, the one-year period began to run on October 5, 2004.

Petitioner filed his Federal habeas petition on November 18, 2004. However, the filing of a Federal petition does not toll the statute of limitations. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001). Thus, the statute of limitations continued to run until Petitioner filed his habeas petition in the Kanawha County Circuit Court on March 7, 2005. By the undersigned's calculations, as of that date, 154 days had passed, leaving Petitioner 211 days remaining under the statute of limitations.

Petitioner has exhausted the claims as stated in his direct appeal. However, Petitioner chose not to raise identical claims in his Federal petition, and further chose not to address his present claims in the State courts before filing his Federal petition. Thus, as stated above, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims are unexhausted. The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated any good cause for his failure to first present his claims in the State courts, and that a stay-and-abeyance is not appropriate in this matter.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Motion to Hold

14

Petition in Abeyance (# 19), **GRANT** Respondent's Motion in Opposition to Petitioner's Motion to Hold Petition in Abeyance (# 15), **GRANT** Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (# 11), and **DISMISS** Petitioner's Federal petition (## 2 and 4) without prejudice, pending exhaustion of Petitioner's State court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<table>
<tr><td>April 13, 2005<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>

16